IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WILLIAM D. FONDRIEST, | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | Civil Action No. |
| | ) | 4:12-cv-03285-RBH |
| | ) | |
| v. | ) | |
| | ) | |
| CHIPPEWA AEROSPACE, INC. | ) | |
| | ) | |
| Defendant/Counterclaim-Plaintiff. | ) | |

**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF
DOCUMENTS, MATERIALS AND INFORMATION**

It is hereby stipulated and agreed, by and between the Parties to this matter, William D.
Fondriest ("Plaintiff"), and Chippewa Aerospace, LLC. ("Defendant") (collectively, the
"Parties," and each individually, the "Party"), and their counsel, that the terms and conditions of
this Stipulation and Protective Order Re Confidentiality of Documents, Materials and
Information ("Protective Order"), shall govern the production, review, receipt and maintenance
of CONFIDENTIAL INFORMATION AND/OR CONFIDENTIAL ATTORNEYS' EYES
ONLY INFORMATION (as defined below) in the action above-entitled.

WHEREAS, Plaintiff and Defendant anticipate that some of the information, documents
and materials that will be exchanged between the Parties during the course of this litigation
contain, in whole or in part, proprietary research, development, or technical information,
confidential business records, trade secrets, and/or other proprietary, privileged or sensitive
information, any and all of which should be protected from disclosure to certain persons and
should be designated accordingly as CONFIDENTIAL INFORMATION or CONFIDENTIAL
ATTORNEYS' EYES ONLY INFORMATION:

NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the Parties that:

1

1.  DEFINITION OF CONFIDENTIAL INFORMATION AND CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION.

For purposes of this Protective Order, the term CONFIDENTIAL INFORMATION shall include all information, materials and documents containing or reflecting trade secrets, proprietary technical, research, or development information, commercial, financial, budgeting and/or accounting information, information about past, currently existing, and potential customers, marketing studies, performance, and projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the Parties to this action have had business relationships, personal information, and any other information that is reasonably believed by the Producing Party (i.e., the Party producing said CONFIDENTIAL INFORMATION) to be non-public, proprietary and confidential.  The term CONFIDENTIAL INFORMATION shall include and protect, without limitation, information, documents and things, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions of same, to the extent they contain CONFIDENTIAL INFORMATION, regardless of the manner of disclosure, production, or service of such CONFIDENTIAL INFORMATION. The term CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION means certain financial information and business financial records containing CONFIDENTIAL INFORMATION that the Producing Party reasonably believes could cause competitive harm if disclosed to an owner, director, officer, employee, or competitive decision maker of the Receiving Party (i.e., the Party receiving said CONFIDENTIAL INFORMATION) and that is designated to be CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION in accordance with this Protective Order.

Any party may designate documents as CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION but only after review of the documents by an attorney[1] who has, in good faith, determined that the documents contain CONFIDENTIAL financial information or business financial records that require such protection.  The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure.

2.  <u>CHALLENGES TO DESIGNATIONS OF CONFIDENTIAL STATUS OF DOCUMENTS, MATERIALS AND INFORMATION</u>.

The Parties agree that only documents, materials or information that the Producing Party reasonably believes contain CONFIDENTIAL INFORMATION AND/OR CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION may be so designated by that Party.

Any CONFIDENTIAL designation is subject to challenge.    The following procedures shall apply to any such challenge.

a.    The burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality.

b.    A party who contends that documents designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge.  The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

c.    Notwithstanding any challenge to the designation of documents as confidential,

---

[1]  The attorney who reviews the documents and certifies them to be CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1)      the party who claims that the documents are confidential withdraws such designation in writing;

(2)      the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 9.b. above; or

(3)      the court rules that the documents should no longer be designated as confidential information.

d.          Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

3.  DESIGNATION OF CONFIDENTIAL INFORMATION AND CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION; INADVERTENT PRODUCTION.

CONFIDENTIAL INFORMATION AND/OR CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION shall be so designated by the Producing Party by stamping or otherwise marking the material prior to production as follows:    "CONFIDENTIAL"  and/or "CONFIDENTIAL ATTORNEYS' EYES ONLY." The failure to make such designation, however, shall not deprive the information covered thereby of its protected status so long as: (1) The designation is made by the Producing Party within thirty (30) days after its initial production to the Receiving Party; or (2) The Parties agree in writing that such designation is not necessary.

Should a Producing Party determine that a document subject to privilege or immunity from discovery has been produced inadvertently, he shall promptly bring that fact to the attention of the Receiving Party.   In such event, the Parties agree that the Receiving Party shall be obligated to promptly return to the Producing Party the inadvertently disclosed documents and

4

all copies thereof. Any disputes between the Parties concerning the applicability of any privilege

or immunity pertaining to inadvertently produced documents shall be resolved between them in

good faith and, failing such resolution, such dispute shall then be resolved by the Court.

4. USE OF AND ACCESS TO CONFIDENTIAL INFORMATION AND CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION.

The Parties and their counsel agree that CONFIDENTIAL INFORMATION AND/OR

CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION shall be used by the Parties,

their counsel and other appropriate persons for the sole purpose of conducting this litigation,

including all appeals, as follows:

**A.    CONFIDENTIAL INFORMATION:**

Access to CONFIDENTIAL INFORMATION shall be limited to the following

qualified persons:

1. Outside counsel retained by any Party to work on this action;

2. Any paralegals, legal assistants, stenographic and clerical employees working under the direct supervision of such outside counsel;

3. Any Parties to this action who are individuals, and the employees, directors, or officers of such Parties to this action who are corporations or partnerships, to the extent necessary to further the interests of the Parties in this litigation;

4. Any person not employed by a Party who is expressly retained or sought to be retained by any attorney to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

5. Any trial or deposition witness who authored or received a copy of a document as shown on the face of the document may be shown a copy of the document, upon the witness being advised of the need and agreeing to keep the documents, materials, or information confidential; and

5

**6.** The Court and Court personnel.

**B.  CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION:**

Access to information designated CONFIDENTIAL ATTORNEYS' EYES ONLY shall be limited to the following qualified persons:

1. Outside counsel retained by any Party to work on this action, provided that such outside counsel shall not disclose CONFIDENTIAL ATTORNEYS' EYES ONLY information to any representative of that Party or other individuals advising any Party on, or participating in, competitive decision-making;

2. Any paralegals, legal assistants, stenographic and clerical employees working under the direct supervision of such outside counsel;

3. Any person not employed by a Party who is expressly retained or sought to be retained by any outside counsel to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

4. Such other persons as hereafter may be designated by written agreement in this action or by order of the Court; and

5. The Court and Court personnel.

Any person who has access to CONFIDENTIAL INFORMATION AND/OR CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION shall be advised of this Protective Order and, with respect to categories 4.A.3, 4.A.4, and 4.B.3, shall be required to sign the Declaration of Receipt of Confidential or CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION ("Declaration") that is attached hereto as Attachmentt B.  These persons shall not give, show, or otherwise directly or indirectly disclose any of the CONFIDENTIAL INFORMATION OR CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION to any

entity or person, except as may be permitted under this Protective Order.  Moreover, upon

receipt, the signed Declaration together with a resume or curriculum vitae of all such persons

under 4.B.3. above shall be transmitted by facsimile or e-mail, and by regular mail to counsel for

Producing Party.  If, within ten (10) days after receipt of such Declaration and resume or

curriculum vitae, the Producing Party has an objectively reasonable basis to object, and does

object in writing and provides proof supporting the objection to the Receiving Party to disclosure

of CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION to such person, no such

disclosure shall be made except upon further order of the Court or agreement of the parties.  The

burden of proof supporting the objection remains with the objecting Party.  No disclosure shall

be made during this ten (10) day period.   All materials containing CONFIDENTIAL

INFORMATION AND/OR CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION

shall be maintained at a location and under circumstances to ensure that access to such material

is limited to those persons entitled to have access under this Protective Order.  Further, the

Receiving Party shall reasonably maintain all CONFIDENTIAL INFORMATION AND/OR

CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION received from the Producing

Party as if that information was that Party's own CONFIDENTIAL INFORMATION AND/OR

CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION.

5. RETURN OF CONFIDENTIAL INFORMATION AND/OR CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION AT CONCLUSION OF CASE.

All persons who previously received CONFIDENTIAL INFORMATION AND/OR

CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION shall, at the conclusion of

this case, including all appeals, return all such information to the outside counsel with whom

they worked.  Upon completion of the trial and any appeals in this action, or upon the conclusion

of any settlement or other resolution of this action, counsel for each Party shall return all

CONFIDENTIAL INFORMATION AND/OR CONFIDENTIAL ATTORNEYS' EYES ONLY

7

INFORMATION produced by the other Party under the terms of this Protective Order.  Any document containing attorney-client privileged information or information protected by the attorney work product doctrine may be destroyed and such destruction certified to in writing by such recipient to outside counsel of record within thirty (30) days after conclusion of any settlement or other resolution of this action.  This shall be done upon the written request of counsel for either Party.

Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents.  This work product continues to be Confidential under the terms of this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

6. <u>FILING WITH OR SUBMITTING TO THE COURT UNDER SEAL CONFIDENTIAL INFORMATION AND CONFIDENTIAL ATTORNEYS EYES ONLY INFORMATION</u>.

In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction.  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal

may serve to provide adequate protection.  This duty exists irrespective of the duty to consult on

the underlying motion.  Nothing in this Order shall be construed as a prior directive to the Clerk

of Court to allow any document be filed under seal.  The parties understand that documents may

be filed under seal only with the permission of the court after proper motion pursuant to Local

Civil Rule 5.03.

Any papers that are filed with the Court under seal shall be filed using the following

procedure: (1) each page of the filing shall contain some legend at the top or bottom thereof

indicating that the document is "Confidential and Filed Under Seal;" and that (2) the envelope

that is used to submit such papers to the Court shall include a conspicuous bold type legend

indicating that the contents of the envelope are "Confidential and Filed Under Seal." This section

of the Protective Order is not intended to suspend the provisions of LR 79.4.

If any party fails to file material containing CONFIDENTIAL INFORMATION

AND/OR CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION under seal, the

Producing Party or any party to this action may request that the Court place the materials under

seal within twenty (20) days of the filing of said materials.  The Clerk of the Court is directed to

comply with such request if made.

7.  <u>DESIGNATING DEPOSITIONS</u>.

Portions of depositions shall be deemed CONFIDENTIAL INFORMATION OR

CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION only if designated as such

when the deposition is taken or within seven (7) business days after receipt of the transcript.

Such designation shall be specific as to the portions to be protected.  After the expiration of the

seven (7) day period, if no party or deponent has timely designated any additional material, then

such undesignated transcript and/or exhibits may be disclosed without restriction.The portion of

the transcript containing CONFIDENTIAL INFORMATION OR CONFIDENTIAL

ATTORNEYS' EYES ONLY INFORMATION shall be identified in the transcript by the Court

Reporter as CONFIDENTIAL INFORMATION OR CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION.  The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

Where testimony is designated at a deposition, the Producing Party shall have the right to exclude at those portions of the deposition all persons not authorized by the terms of this Stipulated Protective Order to receive such CONFIDENTIAL INFORMATION OR CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION.

8. CLIENT COMMUNICATION.

Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of CONFIDENTIAL INFORMATION OR CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION.  In rendering such advice and otherwise communicating with the client, however, counsel shall not make disclosure of any CONFIDENTIAL INFORMATION OR CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION, except as permitted by this Stipulated Protective Order.

9. BINDING EFFECT.

Upon execution of this Protective Order, the Parties and their attorneys agree that they shall adhere to and be bound by its terms. The terms of this Stipulation and Protective Order shall remain fully active until released by further written consent of the Parties, unless the Court does not enter this Protective Order, in which case the Parties shall no longer be bound by its terms.  The Court shall retain jurisdiction over the Parties, this Protective Order, and recipients of CONFIDENTIAL INFORMATION, AND/OR CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION, for the purpose of enforcing the terms of this Protective Order as may be appropriate.

**IT IS SO ORDERED.**

10

Dated: April 9, 2013

BY THE COURT:

s/R. Bryan Harwell
**R. Bryan Harwell, Judge**
United States District Court
District of South Carolina

**ATTACHMENT A**
**CERTIFICATION BY COUNSEL OF DESIGNATION**
**OF INFORMATION AS CONFIDENTIAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WILLIAM D. FONDRIEST, | ) | |
| | ) | |
| Plaintiff/Counterclaim- | ) | Civil Action No. |
| Defendant, | ) | 4:12-cv-03285-RBH |
| | ) | |
| v. | ) | |
| | ) | |
| CHIPPEWA AEROSPACE, INC. | ) | |
| | ) | |
| Defendant/Counterclaim- | ) | |
| Plaintiff. | ) | |

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION subject to the Confidentiality Order entered in this action which Order is dated April 9, 2013.

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 1 of the Confidentiality Order.

Check and complete one of the two options below.

❑   I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is [District Court Bar #].

❑   I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states.  The state in which I conduct the majority of my practice is [state in which I practice most] where my Bar number is [that state's Bar #]. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.

Date:   [date attachment A signed]                    [Signature of Counsel [s/name]]
                                                       Signature of Counsel

                                                       [Printed Name of Counsel [A]]
                                                       Printed Name of Counsel

**ATTACHMENT B**

**ACKNOWLEDGMENT OF UNDERSTANDING
AND
AGREEMENT TO BE BOUND**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WILLIAM D. FONDRIEST, | ) | |
| | ) | |
| Plaintiff/Counterclaim- | ) | Civil Action No. |
| Defendant, | ) | 4:12-cv-03285-RBH |
| | ) | |
| v. | ) | |
| | ) | |
| CHIPPEWA AEROSPACE, INC. | ) | |
| | ) | |
| Defendant/Counterclaim- | ) | |
| Plaintiff. | ) | |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated April 9, 2013, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name:                    [undersigned name [att B]]

Job Title:               [Job Title [att B]]

Employer:                [Employer [att B]]

Business Address:    [Business Address [att B]]


Date:  **[date attachment B signed]**                    [Signature [attachment B]]
                                                                          Signature

13